UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANTHONY PARDUCCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-392 |
| | ) | |
| EVELYN HUYNH, | ) | |
| QUYNH PHUNG, and | ) | |
| GOLDEN PHOENIX | ) | |
| RESTAURANT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Strike [DE 23] filed by the defendant, Evelyn Huynh's, Attorney J. Thomas Vetne on August 27, 2016. For the following reasons, the motion is **GRANTED.**

*Background*

On October 14, 2015, Attorney J. Thomas Vetne entered his appearance [DE 2] on behalf of the defendant, Evelyn Huynh. Also on October 14, 2015, Attorney Vetne filed an answer to the complaint [DE 4] for Huynh. The plaintiff, Anthony Parducci, filed an amended complaint against all the defendants [DE 10] on April 6, 2016. On April 26, 2016, Attorney Vetne answered the amended complaint [DE 13] pursuant to N.D. Ind. L.R. 10-1.

On August 26, 2016, Attorney Lonnie Randolph filed an answer for Huynh [DE 21]. Attorney Randolph has not entered his appearance on behalf of Huynh. Also, Attorney Randolph's answer was not filed in compliance with N.D. Ind. L.R. 10-1. Attorney Vetne has filed a Motion to Strike [DE 21] Answer to the Complaint [DE 23].

*Discussion*

**Federal Rule of Civil Procedure 12(f)** states that "the court may strike from a pleading any. . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Doe v. Brimfield Grade School*, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

Pursuant to N.D. Ind. L.R. 10-1, responsive pleadings under Federal Rule of Civil Procedure 7(a) must restate verbatim the paragraphs from the pleading they respond to and immediately following each restated paragraph state the response to that paragraph.

An amended pleading may be stricken for failure to comply with the Federal Rules of Civil Procedure, specifically Rule 15(a). *See Videojet Systems Intern., Inc. v. Inkjet, Inc*., 1997 WL 124259, *6-7 (N.D. Ill. March 17, 1997). A party may amend its pleading only with the opposing party's written consent or the court's leave. Federal Rule of Civil Procedure 15(a)(2). Leave to amend a pleading is "freely given when justice so requires." **Federal Rule of Civil Procedure 15(a)(2)**.

Attorney Vetne has requested the court to strike the August 26, 2016, answer filed by Attorney Randolph. The answer filed by Attorney Randolph on behalf of Huynh is redundant and has failed to seek leave of the court. Attorney Vetne previously had filed an answer to the amended complaint on Huynh's behalf. Also, the answer filed by Attorney Randolph did not comply with N.D. of Ind. L.R. 10-1. It failed to restate verbatim the paragraphs from the pleading. Therefore, the court **STRIKES** the answer filed on August 26, 2016 [DE 21].

For the foregoing reasons, the Motion to Strike [DE 23] is **GRANTED**.

ENTERED this 21st day of September, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge