**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| ANTHONY PARDUCCI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:15-cv-392 |
| | ) | |
| EVELYN HUYNH, QUYNH PHUNG, and | ) | |
| GOLDEN PHOENIX RESTAURANT, INC. | ) | |
| | ) | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on "Defendants' Trial Rule 12(c) Motion for Judgment on the Pleadings," filed by Defendants Quynh Phung and Golden Phoenix Restaurant, Inc., on May 18, 2016 (DE #16). For the reasons set forth below, Defendants' motion (DE #16) is **DENIED.**

BACKGROUND

In September 2015, Plaintiff Anthony Parducci ("Parducci") filed a complaint against Evelyn Huynh ("Huynh") in Indiana state court. (DE #3.) In October 2015, Huynh removed the case to federal court and filed an answer to the complaint. (DE ##1, 4.) On April 6, 2016, Parducci filed the First Amended Complaint for Damages and Jury Demand ("Complaint"), adding as defendants Quynh Phung and Golden Phoenix Restaurant, Inc. (together, "Defendants"). (DE #10.) Defendants filed their Answer and

-1-

Affirmative Defense to the Complaint on May 18, 2016. (DE #15.) They filed the instant motion for judgment on the pleadings the same day. (DE #16.) The parties have fully briefed the instant motion, and the Court is prepared to rule on it.

FACTS

The Court accepts as true, as it must when considering a motion for judgment on the pleadings, the following facts alleged in the Complaint. *Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). On September 13, 2015, Parducci was a pedestrian in the parking lot located at 1715 US 41, in Schererville, Indiana, when he was struck by a vehicle owned and driven by Huynh, causing him injury. (Compl. ¶¶1-3.) Count II, the only count to mention Defendants, alleges that Huynh "was the agent, servant and/or employee of the [D]efendants," and that they were negligent in hiring, supervising, training, and retaining Huynh. (*Id*. ¶¶5-6.) Count II alleges that Parducci was injured as a direct and proximate result of Defendants' fault and negligence, and seeks compensatory damages and attorney's fees. (*Id*. ¶7.)

Defendants filed the instant motion for judgment on the pleadings, and submitted the Affidavit of Quynh Phung ("Phung") in support of the motion. (DE #16-1.) Parducci filed an opposition brief to the motion, along with portions of the transcript of Huynh's deposition. (DE #18 at 9-30.) Defendant Phung

subsequently filed a reply brief and the Affidavit of Huynh. (DE #22, #22-1.)

DISCUSSION

Once a complaint and answer have been filed, a party may file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) (citation omitted). A court may rule on a Rule 12(c) motion based upon a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Thus, the court "may (1) 'convert the 12[(c)] motion into a motion for summary judgment under Rule 56 and proceed in accordance with the latter rule,' or (2) 'exclude the documents attached to the motion [for judgment on the pleadings] and continue under Rule 12.'" *Tradewinds Glob. Logistics, LLC v. Garrett's Transp., LLC*, No. 115CV00608RLYDKL, 2015 WL 8362401, at *2 (S.D. Ind. Dec. 8, 2015) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). The court has discretion in determining which option to choose. *Id.* (citations omitted).

Here, both Parducci and Defendants submit evidence outside the pleadings in connection with the Rule 12(c) motion. Defendants submit the affidavits of Phung and Huynh in support of the motion. Parducci proffers the deposition testimony of Huynh in opposition to the motion. None of this evidence was mentioned in or attached to the pleadings. Yet Defendants specifically brought this motion under Rule 12(c) and used that procedural standard.[1] Therefore, the Court excludes this evidence and will consider the merits of the motion under Rule 12(c).

"A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). "[T]o survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face." *Id*. (citations and internal quotation marks omitted). The Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff" for the purposes of deciding Defendants' motion. *Forseth*, 199 F.3d at 368. A Rule 12(c) motion should be granted "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and

---

[1] Even if this Court were to convert this motion to a motion for summary judgment, it appears at this early stage in the proceedings that there is an issue of fact as to whether Huynh was Defendants' agent. A motion for summary judgment may be more appropriate following the close of discovery in this case.

the moving party demonstrates that there are no material issues of fact to be resolved." *Moss*, 473 F.3d at 698 (citations omitted).

Count II of the Complaint alleges an employer liability claim against Defendants based on the doctrine of *respondeat superior* and negligent hiring and retention of an employee. Under the *respondeat superior* doctrine, "an employer is liable for the acts of its employees which are committed within the course and scope of their employment." *Davis v. Macey*, 901 F. Supp. 2d 1107, 1111 (N.D. Ind. 2012) (quoting *City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind. Ct. App. 1999)). The *Davis* Court also stated:

> As an alternative theory of employer liability, Indiana also recognizes a cause of action against an employer based on negligent hiring and retention of an employee. Employer liability under negligent hiring and retention is a separate and distinct cause of action from *respondeat superior*, and it accrues when an employee steps beyond the recognized scope of employment to commit a tortious injury upon a third party.

*Id.* (internal citations and quotation marks omitted). Where, as here, the issue of *respondeat superior* has not been admitted, a "plaintiff could theoretically plead both theories of liability in the alternative." *Id*. (quoting *Clark v. Aris, Inc.,* 890 N.E.2d 760, 765 (Ind. Ct. App. 2008)).

Defendants move to dismiss Parducci's employer liability claim based solely on the assertion that Huynh was not their agent, servant or employee. They rely upon evidence that is outside the pleadings, and thus, is excluded from the Court's consideration.

Count II of the Complaint clearly alleges that Huynh was "the agent, servant and/or employee of the [D]efendants." (Compl. ¶5.) While Defendants deny this allegation in their Answer to the Complaint (DE #15 at ¶¶3-4), the Court must accept as true all well-pleaded allegations in the Complaint, and all reasonable inferences to be drawn from those allegations. Defendants have not demonstrated that there are no material issues of fact to be resolved as to Count II. Nor does it appear beyond a doubt that Parducci cannot prove any facts to support Count II. *See Moss*, 473 F.3d at 698. Therefore, the Court **DENIES** Defendants' motion for judgment on the pleadings.

CONCLUSION

For the reasons set forth above, "Defendants' Trial Rule 12(c) Motion for Judgment on the Pleadings" (DE# 16) is **DENIED.**


**DATED: October 12, 2016**     **/s/ RUDY LOZANO, Judge**
                                **United States District Court**